# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CEDRIC GREENE,                                  )
                                                )   Case No. 2:15-cv-00598-APG-CWH
          Plaintiff,             )
                                                )   **REPORT AND**
vs.                                             )   **RECOMMENDATION**
                                                )
LEONARD R. TRAYLOR,                             )
                                                )
          Defendant.             )
_____ )

       On April 23, 2015, pro se Plaintiff Cedric Greene ("Plaintiff") requested to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915(a). See Doc. # 3. On May 4, 2015, this Court granted Plaintiff's request, but directed Plaintiff to amend his complaint to establish how this Court has jurisdiction over the parties, and why the instant case is properly before this Court. See Doc. # 4. Plaintiff subsequently filed a supplement to his complaint. See Doc. # 7. The Court now reviews the supplement and complaint. See Doc. # 1; Doc. # 7.

       Upon granting a request to proceed in forma pauperis, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff has been declared a vexatious litigant in the Central District of California in light of approximately 70 non-meritorious actions he filed in that court. See Cedric Greene v. Men's Central Jail, No. CV 11-02359 UA (SS), Doc. # 15 (C.D. Cal. May 10, 2011) (adopting report and recommendation, and holding that "Plaintiff Cedric Greene is deemed a vexatious litigation"); see also id., Doc. # 13 (C.D. Cal. May 3, 2011) (report and recommendation outlining Plaintiff's litigation history in that court).

In an apparent attempt to circumvent that order, Plaintiff seeks to file this case here even though the Central District of California is the proper venue for his case. See e.g., Doc. # 7 at 3 (stating this Court "must not focus on [Plaintiff's] vexatious [litigant] status in California, nor should [the Court] care," and because the court in California is "not permit[ting]" Plaintiff to "file[..]... papers... this Court has jurisdiction over the parties").[1] Plaintiff has similarly initiated cases in other districts in an apparent effort to avoid filing cases in the Central District of California. See e.g., Greene v. McDonalds Restaurant, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing complaint given proper venue in the Central District of California); Greene v. Southland Transit, Inc., 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), adopted, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011). As those other courts' dismissal orders should make clear, Plaintiff may not initiate cases in an improper venue.

The federal venue statute requires that a civil action be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced,

---

[1] Plaintiff filed seven cases in this district in the two-month period between January 20, 2015 and March 23, 2015. See Greene v. Greyhound Lines, Inc., 2:15-cv-00115-GMN-PAL (filed January 20, 2015); Greene v. Greyhound Lines, Inc., 2:15-cv-00174-RFB-GWF (filed January 30, 2015); Greene v. Sprint Nextel Corporation, 2:15-cv-00238-RFB-NJK (filed February 11, 2015); Greene v. The People of the State of California, 2:15-cv-300-JAD-PAL (filed February 18, 2015); Greene v. The People of the State of California, 2:15-cv-378-JAD-PAL (filed March 3, 2015); Greene v. Alhambra Hospital Medical Center, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); Greene v. Logisticare Solutions, LLC, 2:15-cv-00523-RFB-NJK (filed March 23, 2015).

if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." Southland Transit, 2011 U.S. Dist. Lexis 24761, at *2.

In this case, a review of Plaintiff's complaint reveals that the events giving rise to Plaintiff's claim occurred in California. See Doc. # 1. This review also reveals that the parties giving rise to Plaintiff's claim are located in California. Id. As such, the District of Nevada is not the proper venue for Plaintiff's lawsuit. Meanwhile, Plaintiff purports to bring a California state law cause of action in this district because the California court is "not permit[ting]" Plaintiff to "file[..]... papers... [which] is why this Court has jurisdiction over the parties." Doc. # 7 at 3. However, the mere fact that Plaintiff is unable to file "papers" in the Central District of California does not confer this district with jurisdiction over this case.

Given such, this district is not the proper venue for Plaintiff's action, and Plaintiff fails to establish a basis for this Court's jurisdiction over the instant case. Accordingly, the Court **recommends** that this case be dismissed without prejudice.

DATED: May 28, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**